## UNITED STATES v. GILBERTSON et al.
### No. 7099.

Circuit Court of Appeals, Seventh Circuit.

May 14, 1940.

Norman M. Littell, Asst. Atty. Gen., B. J. Husting, U. S. Atty., of Milwaukee, Wis., Eastern District of Wisconsin, Carl

R. Becker, of Milwaukee, Wis., and Charles R. Denny, Norman MacDonald, and Ely Maurer, Attys., Department of Justice, all of Washington, D. C., for appellant.

L. J. Brunner, of Shawano, Wis., for defendants-appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from a judgment dismissing a bill of complaint on its merits, and ordering that appellee was the owner of certain described real estate free and clear of all claims of the two parties in whose behalf the bill was brought. It presents the question of the validity of a deed executed by an Indian in violation of certain restrictions against alienation extended by Executive Orders of which the grantee had no actual notice.

The bill of complaint was omitted from the record, which, by stipulation, contains only an agreed statement of facts; findings of fact and conclusions of law filed by the District Court, which tried the case without a jury; copy of the judgment; statement of points relied upon by appellant; and the certificate of the court to the agreed statement of record. While we approve the attempts of the parties to condense the record to include only the essentials, we do not approve omission of the bill of complaint upon which the action was based. We consider it a part of "the material pleadings" required to be included according to Rule 75(g) of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

According to the agreed statement, this action was instituted by the United States to quiet title to certain land in Wisconsin. This land had been conveyed in 1897 by patent to one Two Horns, a Winnebago Indian, in accordance with the provisions of the Winnebago Indian Homestead Act of 1881 which required that there should be inserted in every patent issued thereunder, the provision that the title thereby acquired should not be subject to alienation or incumbrance, voluntary or otherwise, for a period of twenty years from the date of the patent. 21 Stat. 315 at page 317. The patent containing the necessary limitation upon alienation was duly recorded in the county in which the patented land was located. Two Horns, the grantee, died in 1899, whereupon the alloted land was inherited by his daughter and sole heir, Margaret Two Horns. March 15, 1918, she conveyed the land by warranty deed and for the consideration of $1,700 to appellee Julia Gilbertson who thereafter made improvements upon it. In 1922, Mrs. Gilbertson mortgaged the land to appellee the Federal Land Bank of St. Paul, for a loan of $3,800 which remains unsatisfied. In 1929, Mrs. Gilbertson conveyed the land by quitclaim deed to her son, appellee Henry Gilbertson, who made further improvements upon it. Margaret Two Horns is now dead, and the action was brought in behalf of her two heirs at law, a son and a daughter.

The conveyance to Mrs. Gilbertson was made after the expiration of the original period of limitation recited in the patent. However, by statute of June 21, 1906, 34 Stat. 325 at page 326, 25 U.S.C.A. § 391, it was provided: "That prior to the expiration of the trust period of any Indian allottee to whom a trust or other patent containing restrictions upon alienation has been or shall be issued under any law or treaty the President may in his discretion continue such restrictions on alienation for such period as he may deem best: *Provided, however,* That this shall not apply to lands in the Indian Territory."

Pursuant to this statute, on January 3, 1917, prior to the expiration of the period of restriction, it was extended by Executive Order for one year, and there were thereafter further extensions, each within the extended period, for a total of twenty-nine years, thus carrying the restricted period up to February 17, 1946. None of the Executive Orders or copies or notices thereof were recorded in the county in which the land was located, and none of the appellees had any actual notice of them. The court found that there was nothing in the terms and conditions of the original patent to Two Horns to put one upon inquiry as to any of the subsequent restrictions, for the reason that the patent was silent upon any probability of any further extensions by Act of Congress or by Executive Order, and that it appeared from the patent that the restrictions were final and that the limitations were definitely fixed. It therefore concluded that Mrs. Gilbertson acquired title in fee simple to the real estate; that she was an innocent purchaser for value without actual or constructive notice of any extended restraints

against alienation of the property; that the heirs of Margaret Two Horns had no title or interest in the lands; that the mortgage executed in favor of the Federal Land Bank was a valid one, and that Henry Gilbertson had acquired good title to the lands by virtue of the quitclaim deed executed by his mother. The court entered judgment accordingly, dismissing the bill of complaint upon its merits and adjudging that appellee Henry Gilbertson was the owner of the lands involved.

The question of the validity of conveyances in alleged violation of restrictions against alienation of lands allotted to Indians has been before the Supreme Court of the United States in a large number of cases, and certain principles of law appear to be firmly established by those cases. The capacity of the United States to sue in its own name, in its own courts to enforce such restrictions as may have been imposed upon the alienation of the allotted lands is no longer open to question. Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820; Goat v. United States, 224 U.S. 458, 32 S.Ct. 544, 56 L. Ed. 841. After the issuance of a patent under statutory provisions limiting the power of the Indian grantee to alienate the land conveyed, power remains in Congress to extend, or to provide that the Executive may extend, in his discretion, the period of limitation, provided such power is exercised prior to the expiration of the period of restriction. United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L. Ed. 361; Tiger v. Western Investment Co., 221 U.S. 286, 31 S.Ct. 578, 55 L.Ed. 738; United States v. Bartlett, 235 U.S. 72, 35 S.Ct. 14, 59 L.Ed. 137. The restriction against alienation binds the land for the period restricted, and the death of the allottee and inheritance of the land by his heirs does not operate to remove the restriction, except in cases where Congress has expressly limited the restriction to the lifetime of the allottee. Bowling v. United States, 233 U.S. 528, 34 S.Ct. 659, 58 L. Ed. 1080; Gannon v. Johnston, 243 U.S. 108, 37 S.Ct. 330, 61 L.Ed. 622. In general, statutes passed for the benefit of dependent tribes or communities are to be liberally construed, doubtful expressions being resolved in favor of the Indians.

Alaska Pacific Fisheries v. United States, 248 U.S. 78, 39 S.Ct. 40, 63 L.Ed. 138; Choate v. Trapp, 224 U.S. 665, 32 S.Ct. 565, 56 L.Ed. 941.

The Heckman case, supra, established the principle that the equities in favor of the purchaser in good faith for valuable consideration are not to be considered as against the Indian who has received the full consideration for his lands in suits of the kind here involved, brought by the Government to avoid conveyances by him. "The restrictions were set forth in public laws, and were matters of general knowledge. Those who dealt with the Indians contrary to these provisions are not entitled to insist that they should keep the land if the purchase price is not repaid, and thus frustrate the policy of the statute." [224 U.S. 413, 32 S.Ct. 435, 56 L.Ed. 820.]

That the extensions of the restriction here involved were made by Executive Order pursuant to the statute of 1906 rather than directly by the statute we do not consider of any significance, since administrative regulations, properly made, have been held to be equivalent to law. See Hampton & Co. v. United States, 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624; Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297. Nor has complete failure of actual notice of the restrictions, or any opportunity for notice apart from that imported by the statute itself, ever, so far as we can ascertain, been held of any significance. Cf. Tiger v. Western Investment Co., supra.

In view of the body of authority thus outlined above, it appears that the undoubted equities of appellees who paid full consideration for the land twenty-three years ago and have since made improvements upon it in total ignorance of the extension of restrictions against its alienation, may not prevail in this action by the Government to restore to its Indian wards the land allotted to their grandfather. The judgment of the District Court, therefore, must be, and it is hereby reversed, and the cause remanded for further proceedings in accordance with the principles herein enunciated.